# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.J.G., A MINOR, BY AND THROUGH HIS PARENTS, J.J.G. and A.C.G., | |
| Plaintiffs, | NO. 3:07-CV-1314 |
| v. | (JUDGE CAPUTO) |
| SCRANTON SCHOOL DISTRICT, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). For the reasons set forth below, Defendant's motion will be granted in part and denied in part. Defendant's motion will be denied to the extent their arguments rely on lack of standing, as the parent Plaintiffs have sufficiently alleged their standing to bring a cause of action. Defendant's motion will be granted as to the claims brought pursuant to Section 1983 of Title 42 of the United States Code, as the underlying violations were alleged to be violations of the IDEA and Section 504 of the Rehabilitation Act. Defendant's motion will be granted as to claims for compensatory damages, as such damages are not permitted pursuant to the IDEA. Defendant's motion to dismiss will be denied on the grounds that the Plaintiffs are permitted to bring an action in court, and are not limited to the appeal of the hearing officer's decision. Defendant's motion will be granted as to claims for punitive damages, as such damages are not available against a municipality for violations of the IDEA, Section 504, or the ADA. Defendant's motion will also be granted as to the claim for attorneys fees, as attorneys fees are barred by *Woodside v. Sch. Dist. of Philadelphia*

*Bd. of Educ.*, 248 F.3d 129 (3d Cir. 2001).

As this case is brought pursuant to Title 42 of the United States Code, section 1983, Title 20 of the United States Code Section 1415, and Section 504 of the Rehabilitation Act of 1973, jurisdiction exists under section 1331 of Title 28 of the United States Code ("federal question").

## BACKGROUND

The facts alleged in the Complaint are as follows.

Plaintiff C.J.G. is a minor student enrolled in the Scranton School District. (Compl. ¶ 1, Doc. 1.) Plaintiffs J.J.G. and A.C.G. are the parents and natural guardians of C.J.G. (*Id.* ¶ 2.) Defendant is the Scranton School District, where the Plaintiff C.J.G. was enrolled. (*Id.* ¶ 3.)

Plaintiff C.J.G. is currently seven (7) years old and is diagnosed with Down Syndrome. (*Id.* ¶ 11.) He has numerous conditions, both physical and mental, including a compromised immune system; cardiac problems; possible atlanto axial instability; reflux and related issues; serious dental problems; and a significant feeding/eating disorder, including dysphagia (an inability to swallow). (*Id.* ¶¶ 13-16.) Plaintiff C.J.G. is spoon-fed soft meals, and is unable to feed himself. (*Id.* ¶¶ 17, 19.) He is also unable to drink liquids from a cup, and can only be provided liquids from a bottle with a nipple, for which he also requires assistance. (*Id.* ¶ 21.)

On March 30, 2006, certified correspondence was sent by the parent Plaintiffs to the Defendant, advising the Defendant that the minor-Plaintiff was requesting a multi-

disciplinary evaluation for the 2006-2007 school year.  (*Id.* ¶ 22.)  Defendant forwarded a Permission to Evaluate form, which the parent Plaintiffs signed and returned with an attachment prepared by the parent Plaintiffs, identifying issues to be addressed, including the feeding of meals.  (*Id.* ¶ 23.)  A meeting was scheduled and held between the parent Plaintiffs and several District representatives on April 25, 2006 at the Robert Morris School in Scranton.  (*Id.* ¶ 24.)  At the meeting, the parent Plaintiffs asked why the evaluation forms for signature did not include an eating/feeding evaluation as previously requested.  (*Id.* ¶ 25.)  The parent Plaintiffs were advised that the Defendant District would not conduct an eating/feeding evaluation because it was a medical issue.  (*Id.*)  The parent Plaintiffs also requested an assistive technology evaluation, which was denied by the District.  (*Id.* ¶ 26.)

On May 2, 2006, the parent Plaintiffs filed a due process complaint notice ("Due Process Complaint #1") with the Office of Dispute Resolution, averring that the District denied the eating/feeding evaluation for the minor-Plaintiff, and that the parent Plaintiffs had requested such an evaluation.  (*Id.* ¶ 27.)  The Defendant District filed an Answer to this complaint stating that they did not agree with the eating/feeding evaluation, and that they offered to review the recommendation with the District's speech therapist, occupational therapist, the chief school nurse, and the school nurse.  (*Id.* ¶ 28.)  A hearing was scheduled for June 26, 2006 before Hearing Officer Linda M. Valentini.  (*Id.* ¶ 29.)  However, on May 19, 2006, a resolution meeting was held between the parent Plaintiffs and representatives of the District, where the District verbally agreed to perform an eating/feeding evaluation on the student.  (*Id.* ¶¶ 33-34.)  Plaintiffs allege that this

3

verbal agreement was made to induce the Plaintiffs to withdraw their complaint before the Office of Dispute Resolution.  (*Id.* ¶ 35.)  After much prodding, the District executed a written agreement agreeing to perform an eating/feeding evaluation prior to June 16, 2006.  (*Id.* ¶ 41.)

At the May 19, 2006 resolution meeting, the parent Plaintiffs also raised the issue of assistive technology, but were told that the District do not do assistive technology evaluations as part of the IEP evaluation process.  (*Id.* ¶¶ 42, 43.)  Rather, the District stated that an assessment is done within the first six (6) or so weeks of school.  (*Id.* ¶ 44.)  On May 26, 2006, the parent Plaintiffs filed another due process complaint ("Due Process Complaint #2") requesting an assistive technology evaluation.  (*Id.* ¶ 45.)  A resolution meeting regarding this complaint occurred on June 8, 2006.  (*Id.* ¶ 46.)  Prior to the hearing on Due Process Complaint #2, the District agreed to perform an assistive technology evaluation.  (*Id.* ¶ 47.)  The agreement to conduct an assistive technology evaluation was included in the agreement regarding the eating/feeding evaluation.  (*Id.* ¶ 48.)

The Plaintiffs further allege that the Defendant District did not provide qualified Student Team members to perform the eating/feeding and assistive technology evaluations.  (*Id.* ¶ 55.)  On May 25, 2006, only two (2) team members, the occupational therapist and the speech correctionist, observed Plaintiff A.C.G. spoon-feed the minor-Plaintiff his already-prepared mechanical soft lunch for approximately twenty (20) minutes.  (*Id.* ¶ 58.)  The team members did nothing but observe, and did no independent testing, did not attempt to feed the minor-Plaintiff, and did not examine his mouth or

tongue.  (*Id.* ¶ 60.)  At no time did the District's psychologist or physical therapist have any contact with the Plaintiffs regarding the eating/feeding evaluation.  (*Id.* ¶¶ 63, 64.)

The Defendant District also failed to provide an evaluation on assistive technology for the minor-Plaintiff.  (*Id.* ¶ 67.)  The evaluation consisted of an observation of the minor-Plaintiff working at home on his parents' computer for less than one (1) hour on July 21, 2006 by the District's speech correctionist, psychologist, and occupational therpaist.  (*Id.* ¶ 69.)

On August 11, 2006, the District sent correspondence to the parent Plaintiffs, stating that the evaluations were completed, and that an individualized education program ("IEP") would be conducted.  (*Id.* ¶ 71.)  The parent Plaintiffs attended an IEP meeting on August 23, 2006, where the parents advised the Defendant that the evaluations were not properly performed.  (*Id.* ¶ 82.)  Subsequent to the IEP meeting, on August 26, 2006, the parent Plaintiffs received an IEP prepared by the Defendant dated June 8, 2006.  (*Id.* ¶ 73.)

On or about September 6, 2006, the Defendant District filed a due process complaint ("Due Process Complaint #3") alleging that three (3) evaluations were appropriately conducted - eating/feeding, assistive technology, and speech/language.  (*Id.* ¶ 74.)  This complaint was assigned to Hearing Officer William Culleton, Jr. (*Id.* ¶ 75.)  Hearing Officer Culleton sustained all of the District's objections to the introduction of the written agreement regarding the eating/feeding and assistive technology evaluations.  (*Id.* ¶¶ 76, 77.)  Following Hearing Officer Culleton's evidentiary ruling precluding the written agreement from evidence, the parent Plaintiffs filed a due process complaint ("Due

Process Complaint #4") with the Office of Dispute Resolution on January 2, 2007.  (*Id.* ¶ 78.)  An amended complaint was filed on January 4, 2007.  (*Id.*)  Due Process Complaint #4 alleged that the District failed to implement the written agreement because it did not conduct an eating/feeding or assistive technology evaluation on the minor-Plaintiff.  (*Id.*)  This complaint was assigned to Hearing Officer Marcie Romberger, and was not consolidated with Due Process Complaint #3.  (*Id.* ¶¶ 78, 80.)

On March 15, 2007, Hearing Officer Romberger dismissed Due Process Complaint #4, finding that there was no disagreement as to whether the evaluations were performed.  (*Id.* ¶ 84.)  On March 22, 2007, a decision was rendered by Hearing Officer Culleton in favor of the District on Due Process Complaint #3.  (*Id.* ¶¶ 6, 7, 9.)  On April 27, 2007 and May 6, 2007, the Special Education Appeals Panel rendered decisions affirming the decisions.  (*Id.* ¶¶ 6, 7.)

On July 20, 2007, the Plaintiffs filed their Complaint.  (Doc. 1.)  The Defendant filed the present motion to dismiss on September 24, 2007.  (Doc. 6.)  The motion is fully briefed and ripe for disposition.

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all of the facts alleged in the complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167

6

L.Ed.2d 929 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  As a result of the *Twombly* holding, Plaintiff must now nudge its claims "across the line from conceivable to plausible" to avoid dismissal thereof.  *Id*.  The Supreme Court noted just two weeks later in *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), that *Twombly* is not inconsistent with the language of Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Id*. (citing *Twombly*, 127 S.Ct. at 1959 (quoting *Conley*, 355 U.S. at 47)).

There has been some recent guidance from the Courts of Appeals about the apparently conflicting signals of *Twombly* and *Erickson.*  The Second Circuit Court of Appeals reasoned that "the [Supreme] Court is not requiring [in *Twombly*] a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).  Similarly, the Seventh Circuit Court of Appeals stated that "[t]aking *Erickson* and *Twombly* together, we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

7

Until further guidance, this Court will follow the guidance of the Second and Seventh Circuit Courts of Appeals, and apply a flexible "plausibility" standard, on a case-by-case basis, in those contexts in which it is deemed appropriate that the pleader be obliged to amplify a claim with sufficient factual allegations.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**I.     Plaintiffs' Standing as Parents**

Defendant argues that the parent Plaintiffs A.C.G. and J.J.G. lack standing to sue pursuant to *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 255 (3d Cir. 1998), which held that the IDEA does not confer substantive rights to parents.  Although this holding was previously the law in the Third Circuit, the Supreme Court in *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007) expressly overruled *Collinsgru*, and held that parents have both substantive, as well as procedural, rights pursuant to the IDEA.

The *Winkelman* Court noted that parents were involved in the IEP process and had procedural safeguards to protect the involvement of the parents.  *Id.* at 2000.  Furthermore, IDEA's procedural recourse permitted an action in federal or state court subsequent to exhaustion of administrative remedies.  *Id.* at 2001.  Section 1415(i)(2)(A) states that "Any party aggrieved by the findings and decision made [at the administrative level] shall have the right to bring a civil action with respect to the complaint."  29 U.S.C. § 1415(i)(2)(A).  The Court held that a parent may be a "party aggrieved" for purposes of IDEA, and the status of parents was not limited to procedural rights and cost recovery.  *Id.* at 2004.  Therefore, the parent Plaintiffs A.C.G. and J.J.G. have standing to bring an IDEA claim on their own behalf.

Similarly, Section 504 of the Rehabilitation Act permits "a party aggrieved" to recover for violations.  "The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 shall be available to any person aggrieved by any recipient of

Federal assistance or Federal provider of such assistance under section 794 of this title." 29 U.S.C. § 794a(2).  Title VI provides that federal funding will be terminated in the event an entity receiving assistance fails to comply with its requirements.  42 U.S.C. § 2000d-1. The Supreme Court has provided that there is an implied right of action under the Rehabilitation Act.  *Barns v. Gorman*, 536 U.S. 181, 185 (2002); *Three Rivers Ctr. for Indep. Living v. Hous. Auth. of Pittsburgh*, 382 F.3d 412, 425-26 (3d Cir. 2004) ("Congress, in essence, provided a private right of action under Section 504 by incorporating Title VI's 'remedies, procedures, and rights' into the statute.").

The parents in this case qualify as a "person aggrieved."  Courts have held that the phrase "any party aggrieved" is construed to the fullest extent permitted.  *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 208 (1972) (finding that the term "aggrieved person" demonstrated congressional intent to confer standing to the fullest extent possible in reading Section 810(a) of the Fair Housing Act); *Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 47 (1st Cir. 2000) (holding that standing is permitted to the fullest extent possible within the bounds of Article III when interpreting the Rehabilitation Act).

Other courts have held that a plaintiff need not be a "qualified person with a disability" as defined by Section 504 to bring a cause of action pursuant to the Rehabilitation Act.  *See Weber*, 212 F.3d 41 (finding that the mother had standing to sue in her individual capacity as a party aggrieved pursuant to Section 504 of the Rehabilitation Act).  Thus, the parent Plaintiffs in this case have standing to bring claims for their own injuries in their own right pursuant to Section 504.  The parent Plaintiffs claim injury based upon the failure to enforce the written agreement drafted after the

resolution sessions with the Defendant.  (Compl. ¶ 131, Doc. 1.)  The parent Plaintiffs also claim injury based upon the failure of the Appeals Panel to properly hear their claims.  (Compl. ¶¶ 132-135, Doc. 1.)

The Americans with Disabilities Act ("ADA") states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The enforcement of the ADA is created in Section 12133, which states "The remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."  42 U.S.C. § 12133.  This section explicitly references Section 794a, which permits "any person aggrieved" to bring a claim.  As the parents have been afforded standing pursuant to the Rehabilitation Act, the parents will also be afforded standing pursuant to the ADA for the same reasons.

Defendant further argues that the parent Plaintiffs cannot meet the constitutional standing requirements of Article III.  The pleading requirements of Article III standing are that the plaintiff must (1) allege an injury; (2) the injury can fairly be traced to the challenged conduct; and (3) the injury can be redressed by the relief requested.  *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).  Defendants further argue that the parent Plaintiffs have plead no personalized injury, and are attempting to sue for injury to third parties.  However, as stated above, the parent Plaintiffs have sufficiently alleged personalized injury to satisfy the requirements of Article III standing.

11

Finally, the issue of whether the parent Plaintiffs have standing pursuant to Section 1983 will not be discussed. As discussed below, all Section 1983 claims will be dismissed, and thus the standing of the parents is irrelevant.

**II.     Cause of Action under Section 1983, IDEA and Section 504**

In *W.B. v. Matula*, 67 F.3d 484 (3d Cir. 1995), the Third Circuit Court of Appeals held that an action for violations of IDEA could be brought against school officials under section 1983. However, this holding was questioned by the Fourth and Tenth Circuits, who both held that plaintiffs could not sue pursuant to section 1983 for IDEA violations. *See Sellers v. Sch. Bd. of Manassas*, 141 F.3d 524 (4th Cir. 1998); *Padilla v. Sch. Dist. No. 1*, 233 F.3d 1268 (10th Cir. 2000). In response to differing opinions between the circuits, the Supreme Court decided *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113 (2005) regarding the general availability of § 1983 to redress violations of federal statutory rights.

In *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791 (3d Cir. 2007), the Third Circuit Court of Appeals revisited the issue as to whether school officials could be sued pursuant to section 1983 based upon alleged violations of IDEA. Guided by the Supreme Court's decision in *Rancho Palos Verdes*, the Third Circuit Court of Appeals overturned *W.B.*, and held that "the [Supreme] Court has continued to refer to IDEA as an example of a statutory enforcement scheme that precludes a § 1983 remedy." *A.W.*, 486 F.3d at 803. The court further held that

> The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate education to such child." Given this comprehensive scheme,

12

> Congress did not intend § 1983 to be available to remedy violations of the IDEA such as those alleged by A.W.

*Id.* (citing 20 U.S.C. § 1415(b)(6)). The Third Circuit Court of Appeals further held that "§ 1983 is not available to provide a remedy for defendants' alleged violations of A.W.'s rights under Section 504." *Id.* at 805.

The case at bar is analogous to *A.W.* In Count II of the Plaintiffs' Complaint, the Plaintiffs allege that their "civil rights were violated as guaranteed by the federal statutes and guaranteed to them by IDEA, Section 504, and the ADA, in violation of 42 U.S.C. Section 1983." (Compl. ¶ 167, Doc. 1.) Similarly, in Count III, the Plaintiffs allege that the Defendant failed to train or supervise its employees regarding the identification, evaluation, development, and implementation of an appropriate individualized education program ("IEP"). (*Id.* ¶¶ 170, 171.) The Complaint says "Plaintiffs civil rights were violated as guaranteed by the federal statutes." (*Id.* ¶ 173.) Essentially, they are claiming a violations of IDEA and Section 504 pursuant to Section 1983. Such claims is no longer permitted pursuant to § 1983. *A.W.*, 486 F.3d at 802. The Plaintiffs' redress pursuant to IDEA violations belongs to IDEA's comprehensive remedial scheme. *Id.* at 803. Similarly, there are remedies created by Section 504 of the Rehabilitation Act. *Id.*

The Plaintiff is correct in arguing that *A.W.* does not limit causes of actions brought pursuant to the sections of the Rehabilitation Act and the IDEA, in that a plaintiff may bring a cause of action directly pursuant to those statutes. However, the claims in this Complaint are not brought directly pursuant to the statutes. As the claims brought in this Complaint allege IDEA and Section 504 as the underlying federal statutory violations to the Section 1983 claim, those claims must be dismissed.

13

### III.     **Compensatory Damages**

In Count I of their Complaint, the Plaintiffs request compensatory damages for a violation of IDEA. The IDEA provides that a court "shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(iii). However, the Third Circuit Court of Appeals has yet to determine whether "appropriate relief" under IDEA includes compensatory damages. *C.M. v. Bd. of Educ. of Union County Reg'l High Sch. Dist.*, 128 Fed. App'x 876, 880 (3d Cir. 2005) (non-precedential) (stating that the court has "not settled whether damages are recoverable in an action arising solely under IDEA.").

However, the Courts of Appeals that have considered the availability of compensatory damages for violations arising solely under IDEA have barred such damages. *See Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 124-25 (1st Cir. 2003) ("[T]ort-like money damages, as opposed to compensatory equitable relief, are not available under IDEA."); *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 483-86 (2d Cir. 2002) (holding that monetary damages are unavailable pursuant to IDEA itself); *Sellers v. Sch. Bd. of Manassas*, 141 F.3d 524, 526-28 (4th Cir.1998) ("Tort-like damages are simply inconsistent with IDEA's statutory scheme."); *Charlie F. v. Bd. of Educ. of Skokie Sch. Dist.*, 98 F.3d 989, 991 (7th Cir. 1996) ("[D]amages are not 'relief that is available under' the IDEA.'"); *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1275 (9th Cir. 1999) (quoting *Mountain View-Los Altos Union High Sch. Dist. v. Sharron B.H.*, 709 F.2d 28, 30 (9th Cir. 1983) ("'[T]he wording of the statute does not disclose a congressional intent to provide a damage remedy.'")

Although the Third Circuit Court of Appeals has not held whether compensatory

14

damages are available solely under the IDEA, the majority of circuits have held that such damages are inconsistent with the purpose and intent of IDEA.  However, although compensatory damages are not permitted, this does not bar the Plaintiffs from seeking compensatory relief, such as in the form of reimbursement for private educational placement and compensatory education.  *See Burlington Sch. Comm. v. Dep't of Educ.*, 471 U.S. 359, 369-70 (1985) (permitting reimbursement for private educational expenses pursuant to IDEA); *Lester H. v. Gilhool*, 916 F.2d 865, 873 (3d Cir. 1990) (permitting compensatory education).  Therefore, the claim for compensatory damages pursuant to IDEA will be dismissed.  *See Brandon V. v. Chichester Sch. Dist.*, Civ. A. No. 06-4687, 2007 WL 2155722, at *2 (E.D. Pa. July 25, 2007) (dismissing claims for compensatory damages pursuant to IDEA on similar grounds).

### IV.    Review of Appeals Panel Decisions

Defendant argues that the Plaintiff has failed to state a cause of action, as an aggrieved party is limited to the appeal of the original hearing decision, and is not entitled to any further relief.  This is an incorrect reading of the IDEA.  An aggrieved party is not limited to the appeal of the hearing officer's decision, and is entitled to bring a claim in state or federal court.  Section 1415(i)(1)(B) notes that appeals are final, except for an action brought pursuant to paragraph (2) of the section.  29 U.S.C. § 1415(i)(1)(B).  Paragraph (2) of the section permits "any party aggrieved . . . shall have the right to bring a civil action with respect to the complaint brought pursuant to this section, which action may be brought . . . in a district court of the United States." 29 U.S.C. § 1415(i)(2).  Therefore, the aggrieved parties are not limited to the Appeals Panel decision, and have

properly brought a cause of action in a district court of the United States.

### V.     Punitive Damages

Defendant argues that Plaintiffs' punitive damages claims must be dismissed.  The IDEA, ADA, Rehabilitation Act, and § 1983 do not specifically provide for punitive damages.  It has long been established that municipalities and other forms of state and local government are immune from punitive damages under § 1983.  *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).  Prior to 2001, the Third Circuit Court of Appeals held that punitive damages should be presumed to be available under the IDEA and Rehabilitation Act, absent an indication of clear congressional intent to the contrary.  *See W.B. v. Matula,* 67 F.3d 484, 494-95 (3d Cir. 1995) (citing *Franklin v. Gwinnett County Pub. Sch.,* 503 U.S. 60, 66 (1992)).

However, in 2001, the Third Circuit Court of Appeals reversed course, holding that courts should assume that Congress intended state and local governments to retain their common law immunity from punitive damages absent a clear expression of congressional intent to the contrary.  *See Doe v. County of Centre, PA,* 242 F.3d 437, 455-58 (3d Cir. 2001) (citing *City of Newport,* 453 U.S. at 271).   In *Doe,* the Third Circuit Court of Appeals concluded that punitive damages are not available under § 504 of the Rehabilitation Act nor Title II of the ADA.  *See id.* at 457.  Under the reasoning adopted in *Doe*, punitive damages claims against a municipality under the IDEA are barred as well.  *Pettigrew v. Middletown Area Sch. Dist.*, No. 1:05-CV-0468, 2006 WL 4032181, at *3 (M.D. Pa. Sept. 26, 2006) (noting that although *Matula* permits a broad range of remedies, *Matula* did not involve a municipality).  *See also Susavage v. Bucks County*

*Sch. Intermediate Unit No. 22*, No. Civ. A. 00-6217, 2002 WL 109615, at *20 (E.D. Pa. Jan. 22, 2002). Defendant's motion to dismiss Plaintiffs' punitive damages claims will be granted.

**VI.    Attorneys Fees**

In Count V, Plaintiffs request reasonable attorneys fees pursuant to 20 U.S.C. § 1415(i)(2)(B) of IDEA. Plaintiff, J.J.G. is an attorney. In *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129 (3d Cir. 2001), the Third Circuit Court of Appeals considered whether an attorney-parent who successfully represented his own child in administrative proceedings pursuant to IDEA may recover reasonable attorney's fees under IDEA's fee-shifting provision in 20 U.S.C. § 1415(i)(3)(B). The court held that "an attorney-parent cannot receive attorney fees for work representing his minor child in proceedings under the IDEA." *Id.* at 131. In ruling that an attorney-parent may not recover attorneys fees, the court considered a Fourth Circuit Court of Appeals case that held "'fee-shifting statutes are meant to encourage the effective prosecution of meritorious claims, and that they seek to achieve this purpose by encouraging parties to obtain independent representation.'" *Id.* (quoting *Doe v. Bd. of Educ. of Baltimore County*, 165 F.3d 260, 263 (4th Cir. 1998), *cert. denied*, 526 U.S. 1159 (1999)).

The courts in *Doe* and *Woodside* based their reasoning on the Supreme Court case of *Kay v. Ehrler*, 499 U.S. 432 (1991), which held that a *pro se* plaintiff who is an attorney could not be awarded attorneys fees under the civil rights fee-shifting provision of 42 U.S.C. § 1988. The Supreme Court held that "[a] rule that authorizes awards of counsel fees to *pro se* litigants - even if limited to those who are members of the bar -

17

would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf." *Id.* at 438.  The Court further held that "[e]ven a skilled lawyer who represents himself is at a disadvantage in contested litigation," thus the "statutory policy of further the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." *Id.* at 437-38.

Plaintiffs argue that *Winkelman* permits an attorney-parent to be awarded attorneys fees.  However, *Winkelman* permits parents to bring IDEA claims on their own behalf, and therefore, the parents may act *pro se.*  In their argument, Plaintiffs cite language from *Winkelman* holding

> Respondent argues our ruling will, as a practical matter, increase costs borne by the States as they are forced to defend against suits unconstrained by attorneys trained in the law and the rules of ethics. . . . IDEA does afford relief for States in certain cases.  The act empowers courts to award attorney's fees to a prevailing educational agency whenever a parent has presented a "complaint or subsequent cause of action . . . for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."

*Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 127 S.Ct. 1994, 2006 (2007). The cited rationale in *Winkelman* does not hold that a parent-attorney may be awarded attorneys fees.  Rather, it discusses a state's remedies against a *pro se* parent who brings a claim for an improper purpose.  As Plaintiffs may not recover attorneys fees, Defendant's motion to dismiss on Count V will be granted.

**CONCLUSION**

For the foregoing reasons, the Court will grant in part and deny in part the Defendant's motion to dismiss.  Defendant's motion will be denied to the extent their arguments rely on lack of standing.  Defendant's motion will be granted as to the claims brought under Section 1983 because underlying violations were alleged to be violations of IDEA and Section 504 of the Rehabilitation Act.  Defendant's motion will also be granted as to compensatory damages because they are not permitted pursuant to IDEA.  Defendant's motion to dismiss will be denied on the grounds that the Plaintiffs are permitted to bring an action in court, and are not limited to the appeal of the hearing officer's decision.  Defendant's motion will be granted as to claims for punitive damages, as they are not permitted against a municipality for violations of the IDEA, Section 504, or the ADA.  Defendant's motion will also be granted as to the claim for attorneys fees, as these fees are barred by *Woodside*.

An appropriate Order follows.


December 3, 2007                                    /s/ A. Richard Caputo
Date                                                         A. Richard Caputo
                                                                 United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| C.J.G., a minor, by and through his Parents, J.J.G. and A.C.G., | |
| Plaintiffs, | NO. 3:07-CV-1314 |
| v. | (JUDGE CAPUTO) |
| SCRANTON SCHOOL DISTRICT, | |
| Defendant. | |

## ORDER

**NOW**, this  3rd  day of December, 2007, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 6) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendant's motion to dismiss the claims of Plaintiffs J.J.G. and A.C.G. for lack of standing is **DENIED**.

(2) Defendant's motion to dismiss the Section 1983 claims for failure to state a cause of action is **GRANTED**. Counts II and III of the Complaint are **DISMISSED**.

(3) Defendant's motion to dismiss the claims for compensatory damages is **GRANTED**. The claims for compensatory damages are **DISMISSED**.

(4) Defendant's motion to dismiss the IDEA claims for failure to state a claim is **DENIED**, as Plaintiffs are permitted to bring a claim in a district court subsequent to an appeal of the hearing officer's decision.

(4) Defendant's motion to dismiss the claims for punitive damages is **GRANTED**. The claims for punitive damages are **DISMISSED**.

(5) Defendant's motion to dismiss the claims for attorneys fees is **GRANTED**. The claim for attorneys fees in Count V is **DISMISSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge